Charles Lamont **TURNER,**
Petitioner—Appellant,

v.

**D.A. MAYLE; Attorney General of the State of California, Respondents— Appellees.**

No. 02–17511.

D.C. No. CV–99–01780–WBS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Dec. 18, 2003.

Quin Denvir, Daniel J. Broderick, AFPD, FPDCA–Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Robert R. Anderson, Deputy Atty. Gen., Paul Edward O'Connor, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before PREGERSON, BEAM,[*] and PAEZ, Circuit Judges.

### MEMORANDUM[**]

Charles Lamont Turner ("Turner") appeals the district court's denial of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Turner raises several challenges: that the jury instruction regarding the admission of evidence of a prior crime violated due process by allowing the prosecution to prove the element of intent by a preponderance of the evidence instead of beyond a reasonable doubt; that California Evidence Code § 1108 facially violates due process by allowing admission of evidence of prior sexual crimes solely for the purpose of proving disposition to commit the present offense; that Turner's multiple sentencing under California's Habitual Sexual Offender Law, California Penal Code § 667.71, violated due process; and that Turner's sentencing under both the Habitual Sexual Offender Law and the Three Strikes Statute violated due process.[1] We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 and we affirm.

Turner's federal habeas petition was filed on April 8, 1999, thus the Anti–Terrorism and Effective Death Penalty Act of

[*] The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the background facts, we do not recite them in detail.

1996 ("AEDPA") applies to his petition. *See Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under AEDPA, we may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "Section 2254(d)(1)'s 'clearly established' phrase 'refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

## I.

■ First we reject Turner's challenge to the jury instruction regarding the admission of evidence of Turner's prior sexual offense to show propensity to commit the present offense. Turner contends that this instruction violated due process because the trial court's repeated references to the preponderance of evidence standard of proof (the evidentiary threshold for admission of the prior act) violated due process by allowing the prosecution to prove the element of intent by less than beyond a reasonable doubt. When the instruction is viewed in isolation, Turner's argument raises legitimate concerns. The instructions as a whole, however, remedy any potential infirmity in the challenged instruction. *See Francis v. Franklin,* 471 U.S. 307, 315, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).

In the court's instructions, the court instructed the jury that: (1) the prosecution had the burden of proving each of the essential elements of the offense beyond a reasonable doubt; (2) explained that several of the counts required a finding of spe-

cific intent and defined the specific intent for each count; and (3) in the context of admitting the prior crime evidence, the court admonished the jury that it was required to find Turner guilty of the crime charged in the present offense and that it was not to consider "whether he is guilty of any other offense." When the jury instructions are viewed as a whole, it cannot be said that there was a "reasonable likelihood" that the jury applied the prior crime evidence instruction in a way that violated the Constitution, and thus Turner's claim must fail. *See, e.g., Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

## II.

■ Next, Turner claims that California Evidence Code § 1108 violates due process by allowing admission of evidence of prior sexual crimes solely for the purpose of proving disposition to commit the present offense. We reject this argument because the Supreme Court has explicitly left open the question of whether the admission of evidence of other crimes solely to prove propensity violates due process. *See McGuire,* 502 U.S. at 75 n. 5 (1991) ("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime"). As Turner cannot point to any "holding[ ], as opposed to the dicta" of the Supreme Court that supports his claim, it cannot be said that the California Court of Appeal's decision rejecting this due process challenge was "contrary to" any "clearly-established" federal law as determined by the Supreme Court. *Andrade,* 123 S.Ct. at 1172.[2]

## III.

■ Finally, Turner argues that the trial court violated due process when it

---

**2.** Turner's further suggestion that California

Evidence Code § 352 did not provide an ade-

imposed multiple sentences under California's Habitual Sexual Offender Law, California Penal Code § 667.71. Because the California Supreme Court has interpreted California Penal Code § 667.71 as authorizing multiple sentences based on the conviction of more than one count in a single proceeding, Turner's argument must fail. *People v. Murphy*, 25 Cal.4th 136, 151, 105 Cal.Rptr.2d 387, 19 P.3d 1129 (2001) ("[W]e therefore conclude that section 667.71 authorizes separate consecutive sentences of 25 years to life for each of defendant's new convictions").[3] Turner's further claim that he was denied due process when the trial court sentenced him under both California's Habitual Sexual Offenders Law and the Three Strikes Law fails for the same reason. *See Murphy*, 25 Cal.4th at 158, 105 Cal. Rptr.2d 387, 19 P.3d 1129 (the legislative history "fully supports our conclusion that the Legislature intended the Three Strikes law to operate in addition to, not to the exclusion of, section 667.71"). We cannot revisit the California Supreme Court's construction of state law on these issues on habeas review. *See McGuire*, 502 U.S. at 67–68.

**AFFIRMED.**

quate due process safeguard fails because under the AEDPA state court findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Here, the state trial court noted that, although prejudicial, the evidence of the prior offense would be probative because: (1) the prior offense was not too remote; (2) the defendant was convicted in the previous case; and (3) there were striking similarities between the prior and present offense. The trial court's decision that the probative value of the evidence outweighed its prejudicial effect was not "an objectively unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2).

3. Turner also appears to argue that imposition of three consecutive terms under California Penal Code § 667.71 violated *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) and *Apprendi v. United States*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, contrary to Turner's argument, the trial court made a factual finding at the June 3, 1996 court trial that Turner was a habitual sexual offender, foreclosing Turner's argument.